OPINION
Appellant State of Ohio appeals the decision of the County Court of Mount Gilead, Morrow County, which granted Appellee Jonnie W. McGlothlin's motion to suppress evidence obtained following a traffic stop of appellee. The relevant facts leading to this appeal are as follows.
On October 14, 2000, Morrow County Deputy Sheriff Christopher Miranda was traveling westbound on State Route 229 when he observed appellee operating a motorcycle in an eastbound direction. According to Miranda, appellee was "traveling down the white line" of eastbound S.R. 229. Tr. at 5. Miranda then recalled that appellee turned onto a county road and went off the roadway, traveling on a ditch line. Miranda effectuated a traffic stop, and thereupon discovered that appellee had neither a driver's license nor a registration for the motorcycle.
Appellee was cited for driving under suspension (R.C. 4507.02) and failure to file a vehicle registration (R.C. 4503.11). On November 27, 2000, appellee filed a motion to suppress all evidence obtained as a result of Deputy Miranda's traffic stop. The matter proceeded to a hearing on February 26, 2001. After hearing arguments, the trial court judge granted the motion to suppress from the bench. The same day, the court filed two entries dismissing the two respective charges against appellee.
The state timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN DISMISSING THE CASES BASED ON THE FACT THAT THE DEFENDANT NEVER FILED A WRITTEN MOTION TO DISMISS OR VERBALLY REQUESTED THAT THE CASES BE DISMISSED ON THE RECORD.
 II. THE TRIAL COURT'S FINDING THAT THE ARRESTING OFFICER LACKED THE SUFFICIENT REASONABLE SUSPICION TO BELIEVE A CRIME HAD BEEN COMMITTED, IN LIGHT OF THE WEIGHT OF THE EVIDENCE.
We will herein address the assigned errors in reverse order.
 II
In its Second Assignment of Error, the state contends the trial court erred in concluding that the deputy lacked sufficient reasonable suspicion to make the traffic stop. We agree.
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysiner, supra.
In the matter presently before us, we find the state challenges the trial court's decision concerning the ultimate issue raised in appellee's motion to suppress. Thus, in analyzing this Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop.Terry v. Ohio (1968), 392 U.S. 1. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v. Prouse (1979),440 U.S. 648. In State v. Lambert (August 20, 2001), Stark App. No. 2001CA00089, unreported, a trooper observed a defendant "cross the white line by a tire width and touch the white line two more times, all within a mile and a half distance." Id. at 2. Relying on Dayton v.Erickson (1996), 76 Ohio St.3d 3, and our analysis in State v. McCormick
(Feb. 2, 2001), Stark App. No. 2000CA00204, unreported, we held that any traffic violation, even a de minimis violation, would form a sufficient basis upon which to stop a vehicle. We reiterated the following: "The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, `* * * [w]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * * '" Id. at 5, citingMcCormick at 10, citing Erickson at 11-12.
The R.C. 4511.33(A) "marked lane" statute mandates as follows:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
In the case sub judice, Deputy Miranda's testimony included the following exchange:
Q. What did you say to him?
 A. I was wondering why he was traveling down the white line and further into the conversation he was stating that as long as he stayed on the right side of the white line he was legal.
 Q. You said that after, before you stopped him he went outside of the white line and he proceeded into the ditch, is that correct?
 MR. BIRCH: Objection, that's leading. It is also been asked, well, it is leading.
 THE COURT: It's all right. Let's go ahead. You may answer.
 THE WITNESS: He was just going left and right of the white line in the lane of traffic.
Tr. at 8.
Miranda was the sole witness called by either side in the suppression hearing. Based on our review of the entire record, we find there was sufficient reasonable, articulable suspicion of a violation of the marked lanes statute to justify a stop of the motorcycle. Therefore, we find the deputy's traffic stop was constitutionally valid. The trial court therefore erred when it granted appellee's motion to suppress in this regard.
The state's Second Assignment of Error is sustained.
 I
In its First Assignment of Error, the state contends that the trial court improperly dismissed the charges against appellee absent a proper written or oral motion to dismiss. Based on our holding regarding the motion to suppress, we conclude that the trial court should not have dismissed the charges. Any further analysis is therefore merely academic. Cf. City of Alliance v. Zellweger, et al. (March 12, 2001), Stark App. Nos. 2000CA00093, 2000CA00094, unreported, at 5.
The state's First Assignment of Error is sustained, although on alternate grounds.
For the reasons stated in the foregoing opinion, the judgment of the County Court of Mount Gilead, Morrow County, Ohio, is hereby reversed and remanded for further proceedings consistent herewith.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Morrow County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs are assessed to appellee.
Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.